IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JEFFREY ALBERT BALOGH,

        Petitioner,

v.

GARY KILMER, Superintendent,
Oregon State Correctional Institution,

        Respondent.

Civil No. 3:10-cv-1283-AC

FINDINGS AND RECOMMENDATION

TONIA L. MORO
Assistant Federal Public Defender
15 Newtown Street
Medford, OR 97501

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate a the Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be DENIED.

## BACKGROUND

On July 22, 2003, a Washington County grand jury indicted Petitioner on three counts of Sexual Abuse in the First Degree and one count of Attempted Sexual Abuse in the First Degree. The charges arose out of Petitioner's contact with his two step-daughters.

The case was tried to the court. At trial, the younger stepdaughter testified Petitioner tried to force her to touch his erect penis while both were sitting a porch swing. When she pulled her hand away, Petitioner called her a chicken and walked away. The stepdaughter went inside the house and lay down on the couch, and Petitioner followed her in, sat next to her, and rubbed her vagina. She went upstairs to bed, and while she was sleeping Petitioner entered her room and again started to rub her vagina. She woke up and asked him to leave her alone.

The next morning, Petitioner told the stepdaughter that her mother knew what had happened the night before and was very disappointed in them. At school that day, the stepdaughter told a counselor about the incident. At the time of the incident, the stepdaughter was twelve.

Petitioner's other stepdaughter testified that Petitioner would come into her bedroom and stare at her while she was sleeping. Eventually, Petitioner touched her on her side and lifted her underwear. When she woke up, she rolled over, and Petitioner pulled his hand out of her underwear. She was thirteen at the time.

2 - FINDINGS AND RECOMMENDATION -

The trial judge found Petitioner guilty of two counts of Sexual Abuse in the First Degree and two counts of Attempted Sexual Abuse in the First Degree. The judge sentenced Petitioner to a total of 100 months in prison.

Petitioner directly appealed. The Oregon Court of Appeals affirmed the convictions but remanded for re-sentencing because the imposition of a five-year post-prison supervision term without deducting for time served was plain error. *State v. Balogh*, 207 Or. App. 377, 142 P.3d 473 (2006). The state sought reconsideration, arguing the sentencing issue was moot because the trial judge had already amended the judgment to cure the defect before the opinion was issued. The Court of Appeals allowed the petition, withdrew its former disposition, and affirmed. *State v. Balogh*, 209 Or. App. 162, 146 P.3d 335 (2006). Petitioner did not seek review from the Oregon Supreme Court.

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. The PCR judge found trial counsel erred by failing to challenge the admissibility of the state's expert witness regarding her diagnosis of sexual abuse of the victims and by not producing expert testimony to rebut her methodology. Nonetheless, the PCR trial judge concluded counsel's errors did not result in prejudice, and that Petitioner was not denied the right to effective assistance of counsel.

Both parties appealed the PCR trial judge's decision to the Oregon Court of Appeals. The Court of Appeals reversed, explicitly holding that trial counsel did not fail to exercise reasonable professional skill and judgment when counsel did not object to the expert testimony at issue. *Balogh v. Howton*, 233 Or. App. 614, 227 P.3d 757 (2010). The Court of Appeals rejected

3 - FINDINGS AND RECOMMENDATION -

Petitioner's other assignments of error without discussion. *Id.* The Oregon Supreme Court denied review. *Balogh v. Howton*, 348 Or. 461, 234 P.3d 983 (2010).

On October 18, 2010, Petitioner filed his habeas corpus action in this court. In his Petition for Writ of Habeas Corpus he alleges three claims for relief:

> **Ground One:** Denial of effective assistance of counsel.
> **Supporting Facts:** At trial, the state called a pediatric nurse practitioner with training in child neglect and abuse as a witness. The nurse testified that both of the victims suffered "sexual abuse." Counsel failed to object to the state's failure to lay a proper foundation for such scientific evidence.
>
> **Ground Two:** Denial of effective assistance of counsel.
> **Supporting Facts:** At trial, the state called a detective from the sheriff's office and a nurse practitioner who were both involved in the investigation that led to the charges against petitioner. Their testimony corroborated the victims' allegations of abuse. Counsel failed to consult an expert that could rebut the claims made by the state's witnesses and testify regarding the inadequacies in the state's investigation.
>
> **Ground Three:** Denial of effective assistance of counsel.
> **Supporting Facts:** At trial, the state introduced into evidence the videotaped interviews of the victims, which were relied upon in part by the nurse practitioner in making her "diagnosis" of sexual abuse. Counsel failed to review the videotapes before they were introduced at trial and accordingly, failed to provide petitioner with counsel's opinion as to the perceived credibility of the victims.

The Court appointed counsel to represented Petitioner. The Brief in Support of Petition filed by counsel addresses only Petitioner's claim that trial counsel committed prejudicial error when he failed to object to the nurse practitioner's testimony and failed to call his own expert witness. As to the remaining claims, the Brief states "[w]hile counsel will not brief the remaining claims, [Petitioner] preserves those claims by incorporating the arguments in his petition and the exhibits."

Respondent contends Petitioner is not entitled to relief on the claims not addressed in his Brief because he failed to meet his burden of demonstrating why he is entitled to relief. Respondent

further contends, in any event, that Petitioner is not entitled to relief because the state PCR decisions were not contrary to or an unreasonable application of clearly established federal law.

## LEGAL STANDARDS

An application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362, 386-389 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

A state court decision is "contrary to" clearly established federal law if it is "in conflict with", "opposite to," or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388. An "unreasonable application" of clearly established Supreme Court law occurs when "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the . . . case." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) (citing *Williams*, 529 U.S. at 413), *cert. denied*, 126 S. Ct. 484 (2005).

A federal court making an "unreasonable application" inquiry should ask whether the state court's application of federal law was objectively unreasonable. *Williams*, 529 U.S. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent

5 - FINDINGS AND RECOMMENDATION -

judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002) (internal citations omitted). Instead, "a habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 131 S .Ct. 770, 786 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Under *Strickland v. Washington*, to prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) counsel's performance fell below an objective standard of reasonableness and, (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. 668, 687-88 (1984); *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91. Failure to make the required showing on either prong defeats the ineffectiveness claim. *Strickland*, 466 U.S. at 697.

For the performance prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. Moreover, "a court must indulge [the] strong presumption that counsel made all significant decisions in the exercise of reasonable professional judgment." *Pinholster*, 131 S. Ct. at 1407 (quoting *Strickland*) (internal quotation marks omitted). The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Strickland*, 466 U.S. at 690.

6 - FINDINGS AND RECOMMENDATION -

"To establish *Strickland* prejudice a [petitioner] must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012) (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Williams*, 529 U.S. at 391 (quoting *Strickland*, 466 U.S. at 694).

Finally, a doubly deferential standard of review applies to federal habeas review of ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1420 (2009); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (deference under § 2254 and deference under *Strickland*). Petitioner must prove that there is no reasonable argument that counsel satisfied *Strickland's* deferential standard. *Premo v. Moore*, 131 S. Ct. 733, 740 (2011); *Harrington*, 131 S. Ct. at 788.

## DISCUSSION

### I. Ground One - Failure to Object to Testimony and Failure to Call Expert Witness

Catherine McCready, a pediatric nurse practitioner from CARES, testified at trial as the state's expert witness. McCready testified that she received information from the investigating deputy and other resources before she examined both victims. She also observed their interviews with CARES social workers.

McCready advised the court that the medical community recognized a diagnosis of "child abuse" and inferred that she had consulted the DMS-IV to determine if conditions were met in order to make diagnosis in this case. She diagnosed sexual abuse for both victims. The diagnoses were based upon the history provided, as physical examinations of both victims resulted in no findings

because they were normal. When asked the basis for her diagnosis of the younger stepdaughter, McCready stated:

> Well, it was consideration of the sort of total information, but certainly included the history she provided. She had made a spontaneous disclosure. She then provided us history that was consistent with that. She had detail. She could correct or state what hadn't happened, as well as what had happened.

Trans., p. 323. With respect to the older stepdaughter, she stated:

> She provided history that was unique. A lot of idiosyncratic detail. She talked about the factors which led to her disclosing or not disclosing at the point that she did and then as well as her physical exam, and it was consistent with the history she provided.

Trans., p. 326. During cross-examination, McCready admitted she did not use the DSM-IV to find and match diagnostic criteria.

Petitioner argues trial counsel was ineffective for failing to object to McCready's testimony. In support of his argument, Petitioner cites the Oregon Supreme Court's decision in *State v. Southard*, 347 Or. 127, 218 P.3d 104 (2009). In *Southard*, the Oregon Supreme Court determined that a medical diagnosis of sexual abuse is scientifically valid evidence. *Id* at 140. However, the court determined that the probative value of the medical diagnosis is outweighed by the risk of prejudice where there is no physical evidence of abuse:

> Our holding today is narrow. The only question on review is whether a diagnosis of "sexual abuse" -- *i.e.*, a statement from an expert that, in the expert's opinion, the child was sexually abused -- is admissible in the absence of any physical evidence of abuse. We hold that where, as here, that diagnosis does not tell the jury anything that it could not have determined on its own, the diagnosis is not admissible under Or. R. Evid. 403.

*Id* at 142.

Petitioner argues the Oregon Supreme Court did not overturn prior case law or announce a new rule in *Southard*, but instead applied existing law. As such, because the admissibility of McCready's testimony was less than certain, trial counsel was ineffective when he failed to object to her diagnosis of abuse.

Petitioner acknowledges the Oregon Court of Appeals rejected that very argument in *Umberger v. Czerniak*, 232 Or. App. 563, 222 P.3d 751 (2009), *rev. denied*, 348 Or. 13, 227 P.3d 1172 (2010), and in Petitioner's PCR appeal. *Balogh*, 233 Or. App. at 615. Petitioner argues, however, that *Umberger* is wrongly decided, that the Oregon Court of Appeals unreasonably denied relief in Petitioner's case, and that the Oregon Court of Appeals' decision is therefore not entitled to deference.

In *Umberger*, the Oregon Court of Appeals held that at the time of Umberger's trial in 1998, "the rule regarding expert testimony as to a diagnosis of child sexual abuse was exemplified in *State v. Wilson*, 121 Or. App. 460, 465-66, 855 P.2d 657, *rev. denied*, 318 Or. 61, 855 P.2d 657 (1993)." Under *Wilson*, a diagnosis of chid sexual abuse by an expert was admissible, even where there was no physical evidence of abuse. *Umberger*, 232 Or. App. at 564. The *Umberger* court concluded that it was not until the *Southard* decision in 2009 that the Oregon Supreme Court held differently. As such, the court in *Umberger* concluded:

> To render assistance that is constitutionally adequate, trial counsel need not be clairvoyant. Given the state of the law prior to *Southard*, petitioner's trial counsel did not fail to exercise reasonable professional skill and judgment at petitioner's 1998 trial when counsel failed to object to [the state expert's] qualifications.

*Id.*

9 - FINDINGS AND RECOMMENDATION -

Petitioner's argument that *Umberger* incorrectly determined that *Southard* was a new interpretation of state law is without merit. It is not for a federal habeas court to disagree with a state court's interpretation of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on the interpretation of state law.")

This court joins the two others in this District to reject the same arguments now posed by Petitioner. *Hatchett v. Hill*, Case No. 6:06-cv-01023-TC, 2011 WL 7443755 (D. Or., Dec. 21, 2011), *adopted*, 2012 WL 673767 (D. Or., Feb. 29, 2012); *McLain v. Blacketter*, Case No. 3:08-cv-01440-KI, 2012 WL 3116186 (D. Or., July 27, 2012); *but see Wells v. Howton*, Case No. 6:07-cv-01117-TC, 2011 WL 5999356 (D. Or., Aug. 22, 2011), *adopted*, 2011 WL 5999359 (D. Or., Nov. 29, 2011) (involving a unique set of facts and complicated procedural posture in which the petitioner was seeking a new direct appeal). At the time of Petitioner's trial in 2004, McCready's testimony was admissible under Oregon law, and trial counsel was not ineffective for failing to object to it or failing to call a forensic psychologist.

Petitioner's argument that trial counsel was ineffective because he failed to argue for a beneficial change in the law, relying on *Burdge v. Belleque*, 290 Fed. Appx. 73 (9th Cir. 2008), is also without merit. In *Burdge*, the Ninth Circuit found trial counsel was ineffective because he failed to challenge the constitutionality of an ambiguous Oregon sentencing statute although the Oregon courts had not interpreted that statute. Statutes similar to Oregon's, however, had been successfully challenged for many years in other states. Unlike *Burdge*, the admissibility of

McCready's diagnosis was not subject to the same ambiguity. *See McLain*, 2012 WL 3116186, at * 7 (citations omitted). The *Southard* decision represented a change in Oregon law, which trial counsel was not required to anticipate. *Id.* (citing *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).

Because McCready's testimony and diagnosis were admissible under Oregon law at the time of Petitioner's trial, counsel did not provide deficient performance by failing to anticipate the change in law and failing to object to the testimony or call an expert witness to challenge the diagnosis of sexual abuse. *Strickland*, 466 U.S. at 690; *United States v. Bosch*, 914 F.2d 1239, 1247 (9th Cir. 1990) (counsel's failure to object to admissible evidence was not unreasonable or prejudicial). Accordingly, Petitioner failed to demonstrate that the Oregon Court of Appeals' rejection in the PCR proceeding of his ineffective assistance claim was contrary to or an unreasonable application of *Strickland* and habeas corpus relief should not be granted.[1]

## II.  Grounds Two and Three - Failure to Consult Expert Witness and Failure to Review Videotape Interviews of Victims Before Trial

As noted, the remaining claims alleged in the Petition for Writ of Habeas Corpus are not addressed in Petitioner's Brief in Support except for the statement that Petitioner "preserves those claims by incorporating the arguments in his petition and the exhibits." Habeas corpus relief is not warranted on these remaining claims because Petitioner failed to sustain his burden of demonstrating that the state PCR court's rejection of these claims is contrary to or unreasonable application of clearly established federal law. *See Lambert*, 393 F.3d at 970 n.16 (petitioner bears

---

[1] Having found no deficient performance, the court declines to address the prejudice analysis. *Strickland*, 466 U.S. at 697.

11 - FINDINGS AND RECOMMENDATION -

burden of proving his case); 28 U.S.C. § 1154(d). Accordingly, habeas corpus relief should be denied on these claims as well.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus (#2) should be DENIED and a judgment of dismissal should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due December 13, 2012. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 29th day of November, 2012.

John V. Acosta
United States Magistrate Judge